**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-23-00081-001-TUC-CKJ (MAA) |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Nicole Shermaine Martinez, | |
| Defendant. | |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant's Motion to Suppress Evidence Based on 4th Amendment Violation, Reasonable Suspicion of Traffic Stop.

### MAGISTRATE JUDGE'S RECOMMENDATION

On July 30, 2023, following an evidentiary hearing, Magistrate Judge Michael A. Ambri issued a R&R finding there were facts, when taken in their totality, that created a reasonable suspicion the Defendant might be transporting drugs or undocumented noncitizens. (R&R (Doc. 52)). The Magistrate Judge found there was reasonable suspicion for the stop and recommends that the Court deny the Motion to Suppress.

The Defendant files an objection. She argues that as a matter of law none of the facts relied on by the agent raised a reasonable suspicion to support the stop, and the Magistrate Judge alludes to facts that sweep to broadly and cast suspicion on entire categories of people, such as "anyone cruising through the area." (Objection (Doc. 55) at 4-5.)

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). This Court "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (*en banc*). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The parties were sent copies of the R&R and instructed that, pursuant to 28 U.S.C. § 636(b)(1), they had 14 days to file written objections. *See also*, Fed. R. Cr. P. 59(b) (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). The Court has considered the objections filed by the Defendant, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Suppress in respect to the objections. The Court has reviewed the transcript record from the evidentiary hearing.

OBJECTION

The Defendant criticizes Border Patrol Agent Bradfor Sallee's reliance on subjective factors such as those found in *United States v. Rodriguez*, 976 F.2d 592 (9th Cir. 1992), to be insufficient to establish reasonable suspicion, even when taken in combination, including the following: 1) the location was a notorious alien smuggling route; 2) the defendant did not acknowledge the agents, 3) the car was the kind which could be used for smuggling, 4) the defendant looked at the agents several times in his rear view mirror, and 5) the car appeared to be heavily loaded. Here, there is no assertion that Defendant acted dodgy by looking away or at the officers or exhibited any signs such as swerving, slowing, or speeding up that might have suggested she was nervous. It is also undisputed that Agent Sallee is a seasoned and experienced officer, who has worked this area of the Tohohno O'odhm Nation, including patrolling Route FR-1. Defendant argues that experience cannot account for "anything goes" hunches; "[e]perience may not be used to give the officers unbridled discretion in making a stoop." (Obj. (Doc. 55) at 5 (quoting *Nicacio v. United States I.N.S.,* 797 F.3d 700, 705 (9th Cir. 1985)).

The Court finds no such error in the Agent's testimony or the Magistrate Judge's approach to considering the totality of the circumstances that confronted Agent Sallee at the time of the stop. *United States v. Sokolow*, 490 U.S. 1, 8 (1989); *United States v. Berber-Tinoco*, 510 F.3d 1083, 1087 (9th Cir. 2007). Agent Sallee's experience is the foundation which makes what might otherwise be mere subjective hunches concrete objective reasons for reasonable suspicion in this case. Agent Sallee has worked this corridor for over 17 years, including 13 years patrolling FR-1 route. FR-1 is a known smuggling route. It runs from SR 86 south for approximately 30 miles to within about a half-mile of the border. It is the only paved road in the area, with all other roads running to residents being dirt. The area is restricted to Tohono O'odam Nation members and their guests; the restriction is posted on FR-1. The road runs through three small villages, Gu Vo, Pia Oik, and Menagers Dam. The last village being the largest with approximately 300 inhabitants. Through communications with another agent, who was further up the road, Agent Sallee knew that

Defendant had passed through the first two villages and was traveling to Menagers Dam. (R&R (Doc. 52) at 2-6.)

Agent Sallee knew that there were no commercial establishments in Menagers Dam, not even a gas station. He was familiar with the residents in the area and their vehicles. He did not need, as Defendant suggests, to have a list of all the names of the residents or their vehicle registrations, to know that he had not previously seen Defendant's vehicle in the area and did not recognize Defendant's name as a surname of residents he knew in the area. Agent Sallee also knew Defendant's car was registered in Eloy, which is north of Tucson and much further away than Sells and Ajo, where most Tohono O'odam members go to do business. He also knew that Eloy is a smuggling hub for southern Arizona. *Id.*

Based on his years of experience and familiarity with the area, when Defendant's vehicle was seen heading north on FR-1 within 15 to 20 minutes, Agent Sallee objectively concluded that the Defendant essentially did a turn-around at Menagers Dam, without visiting any residents there. This fact, in combination with Menagers Dam's close proximity to the border and Salle's experience with it as a location with readily available load-out areas and as a high traffic area for drug and human smuggling, supports the Magistrate Judge's conclusion that reasonable suspicion existed for the stop. *Id.*

As for Defendant's argument that the factors relied on by Agent Sallee and the Magistrate Judge "sweep to broadly and cast suspicion on entire categories of people, such as 'anyone cruising through the area,'" *supra. above,* Agent Sallee knew that people generally did not cruise through this area.

"Reasonable suspicion is more than a 'hunch,' but it is a low bar and does not require probable cause." (R&R (Doc. 52) at 7 (quoting *United States v. Arvizu*, 534 U.S. 266, 274 (2002)). The Magistrate Judge properly applied the standard for determining "reasonable suspicion," which requires considerably less indication of wrongdoing than the preponderance of evidence standard to support a stop. (R&R (Doc. 52) at 711.)

The Court finds that Agent Sallee based the stop on more than a hunch. Given Agent Sallee's experience, he based the stop on objectively reasonable factors.

CONCLUSION

After *de novo* review of the issue raised in Defendant's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Suppress. The Court adopts it, and for the reasons stated in the R&R, the Court denies Defendant's Motion to Suppress Evidence.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's objections, the Magistrate Judge's Report and Recommendation (Doc. 52) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (Doc. 32) is DENIED.

**IT IS FURTHER ORDERED** that this matter remains referred to Magistrate Judge Ambri for all pretrial proceedings and Report and Recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and the Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Criminal) 58.2.

Dated this 4th day of August, 2023.

Honorable Cindy K. Jorgenson
United States District Judge