**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) <br>       Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nicole Shermaine Martinez, ) <br>       Defendant. ) <br> _____) | No. CR 23-081-TUC-CKJ (MAA) <br><br> **ORDER** |

      Pending before the Court are the government's Motion in Limine for Ruling on Objections from Video Deposition and Government's Additional Proposed Redactions (Doc. 66), Defendant's Motion in Limine Regarding Objections From Video Deposition (Doc. 78), and the government's Unopposed Motion for Expedited Ruling Without Hearing on Government's Motion in Limine For Ruling on Objections from Video Deposition (Doc. 83). The government requests the Court rule on its Motion in Limine for Ruling on Objections from Video Deposition no later than October 23, 2023.

      On October 5, 2023, Defendant Nicole Shermaine Martinez ("Martinez") filed a Motion to Continue Motion in Limine Deadline (Doc. 65) in which she requested an extension of ten (10) days for the deadline to submit motions in limine and for submitting objections to the video deposition obtained in the case. The Court granted in part and denied in part, setting a motion deadline of October 17, 2023, by noon, with responses to be filed by October 20, 2023, at noon. Martinez has filed a Motion in Limine Regarding Objections from Video Deposition (Doc. 78). The Court, therefore, will rule on the objections from the video deposition.

*Unopposed Motion for Expedited Ruling Without Hearing on Government's Motion in Limine For Ruling on Objections from Video Deposition* (Doc. 83)

The government needing sufficient time to prepare the video deposition for presentation at trial, the Court will grant the request and rules herein on the objections to the video deposition. However, the Court advises the parties this ruling is contingent upon the Court's ruling on the government's Motion in Limine to Admit Video Recorded Witness Testimony (Doc. 76), for which argument will be heard on October 30, 2023.

*Government's Motion in Limine for Ruling on Objections from Video Deposition and Government's Additional Proposed Redactions* (Doc. 66) *and Defendant's Motion in Limine Regarding Objections from Video Deposition* (Doc. 78)

RT 14:7-21

Martinez withdraws this objection. However, the Court notes the objection extends through RT 14:23. The Court overrules this objection.

RT 15:25–17:10

The defense objects based on hearsay as to instructions Material Witness Jesus Manuel Vazquez-De Jesus ("Jesus") was given by other persons. This statement is not being offered for the truth of the matter asserted but to show the effect on the material witness. Further, as an "order" or "directives," they are admissible under Fed.R.Evid. 801(c) as circumstantial evidence of state of mind. *United States v. Garcia-Villanueva*, 855 F.2d 863 (9th Cir. 1988). This objection is overruled.

RT 15:25-17:1

Martinez objects to the describing of hand signals as speculative. The transcript states:

Q. Did the driver say anything to you?

A. No, just signals.

Q. What do you mean by that?

    THE INTERPRETER: If you can -- if you can see, he's doing his hand like this, down.

1     BY MS. MELTON:

2     Q. Could you please explain in words what the signal was?

3          MS. RODRIGUEZ-MADERA: Objection; that calls for speculation.

4     BY MS. MELTON:

5     Q. Could you please explain the signal that you saw?

6          THE INTERPRETER: Could we ask him to stand up, so you could see in the recording?

7     MS. MELTON: Sure. Go ahead.

8     BY MS. MELTON:

9     Q. But please explain it in words.

10    A. Like this, for going down.

11         MS. RODRIGUEZ-MADERA: I can't see. I don't know what that's called, but it's -- it's -- the view is unhelpful.

12

13    BY MS. MELTON:

14    Q. What did you understand the driver's signal to mean?

15    A. For me to crouch down.

16    Q. And was that signal made with her hands?

17    THE INTERPRETER: Her -- was --

18    Q. Was that signal made with the driver's hands?

19    A. Yes.

20    DEFENSE COUNSEL: And, again, I just want to note for the record that his answer, it's -- again, it just calls for speculation.

21

22    Q: His saying what he observed?

23    DEFENSE COUNSEL: Not what he observed, what he thought it meant, which was the previous question. I'm sorry.

24    RT 15:25-17:11. The question at RT 16:6-7 ("Could you please explain in words what the

25    signal was?") asked the witness to explain what the signal was after the witness had

26    apparently attempted to show the signal as stated by the interpreter. In context, this was not

27    asking the witness to speculate as to the meaning of the signal, just to describe the signal.

28

1  Further, the subsequent questioning inquires into what the witness understood the signal to
2  mean, not what the witness thought the girl who was signaling intended the signal to mean.
3  These questions and answers are not speculative and the Court overrules the objection.
4       RT 15:7-8; 19:3-7 and RT 22:17-21
5       The government agrees to redact these portions of the transcript; the defense does not
6  opposes these redactions. The objections are moot.
7       RT 24:1-13
8       The government objected based on relevance to questioning as to whether officers
9  gave the witness any warnings prior to asking questions. The defense does not oppose the
10  redaction. The objection is moot.
11      RT 29:22-30:4
12      The government agrees to redact these portions of the transcript; Martinez does not
13  opposes these redactions. The objection is moot.
14      RT 31:13-23
15      The government agrees that, because defense counsel clarified the question, no further
16  action is required. The defense does not oppose the redaction. The objection is moot.
17      RT 32:14-17
18      The government agrees to redact its objection; the defense does not oppose the
19  redaction. The objection is moot.
20      RT 33:10-34:4
21      Martinez withdraws her objection to the repetitive nature of the cross-examination to
22  the direct examination. The objection is moot.
23      RT 35:11-14 and RT 35:16-20
24      The government agrees to redact these portions of the transcript and the defense does
25  not oppose the redactions. These objections are moot.
26      Accordingly, IT IS ORDERED:
27      1. The government's Unopposed Motion for Expedited Ruling Without Hearing on
28

Government's Motion in Limine For Ruling on Objections from Video Deposition (Doc. 83) is GRANTED.

2. The government's Motion in Limine for Ruling on Objections from Video Deposition and Government's Additional Proposed Redactions (Doc. 66) and Defendant's Motion in Limine Regarding Objections From Video Deposition (Doc. 78) are GRANTED IN PART AND DENIED IN PART as discussed herein.

3. The following objections are overruled: RT 14:7-23, RT 15:25–17:10, RT 15:25-17:1.

4. The Court accepts the parties' agreements as to specified redactions and declines to rule on those objections as moot.

5. The government shall prepare the material witness video deposition for trial consistent with this Order.

DATED this 20th day of October, 2023.

_____
Cindy K. Jorgenson
United States District Judge