**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Nicole Shermaine Martinez,<br><br>    Defendant. | No. CR 23-081-TUC-CKJ (MAA)<br><br>**ORDER** |

Pending before the Court is the Motion to Suppress Cell Phone Evidence (Doc. 92) filed by Defendant Nicole Shermaine Martinez ("Martinez"). The government has filed a response (Doc. 106). The parties presented oral argument to the Court on October 30, 2023.

*Factual Background*

When Martinez was arrested on January 15, 2023, the government seized one cell phone belonging to Martinez and one cell phone belonging to her passenger. Neither individual consented to a forensic examination of the cell phones. Martinez has been detained since she was arrested and did not request the return of her property. This matter was originally scheduled for trial on March 21, 2023, with a plea deadline of March 3, 2023.

The parties actively engaged in negotiating potential non-trial dispositions. Additionally, on March 7, 2023, Martinez filed a Motion to Suppress. The Motion to Suppress was denied on August 4, 2023. At a September 11, 2023, hearing, this matter was scheduled for current jury trial date of November 6, 2023.

On October 3, 2023, the government sought and obtained a warrant to search these

phones as part of its preparation for trial. The government received a copy of the extraction on October 11, 2023. Following discussions with defense counsel, an unopposed request for a protective order issued by the Court. On October 23, 2023, the government confirmed to the defense that it would seek to use text messages obtained from the search of Martinez's phone and defense counsel received the extraction on that date.

On October 24, 2023, Martinez filed her Motion to Suppress Cell Phone Evidence (Doc. 92) in which she requests suppression of the cell phone evidence because there was unreasonable delay in obtaining a search warrant. The government asserts, however, the delay was reasonable under the totality of the circumstances (Doc. 106).

*Reasonableness of Delay*

"[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Leon*, 468 U.S. 897, 922 (1984), *internal citation and quotations omitted*. However, "[t]he reasonableness of the [government's] acts both in executing the warrant and in performing a subsequent search of seized materials remains subject to judicial review." *United States v. Hill*, 459 F.3d 966, 978 (9th Cir. 2006). In the context of search warrants for electronic data, "there is no established upper limit as to when the government must review seized electronic data to determine whether the evidence seized falls within the scope of a warrant." *United States v. Metter*, 860 F. Supp. 2d 205, 215 (E.D.N.Y. 2012); *see also United States v. Ivers*, 430 F. App'x 573, 575 (9th Cir. 2011) (affirming denial of a motion to suppress despite the government's unspecified delay in searching defendant's computer and noting that "[e]lectronic data searches may take longer than traditional searches because '[e]lectronic storage facilities intermingle data making them difficult to retrieve' without close analysis 'in a controlled environment.'"), *quoting United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1175 (9th Cir. 2010).

1   The Supreme Court has stated courts must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion" in determining whether a seizure is reasonable." *United States v. Place*, 462 U.S. 696, 703 (1983). In applying this balancing test, the Ninth Circuit starts "by considering the extent of the intrusion on [a defendant's] possessory interests given the totality of the circumstances." *United States v. Sullivan*, 797 F.3d 623, 633 (2015).

As in *Sullivan*, the intrusion in this case was minimal:

> During the entire time period when the [cell phone] was retained by the government, [Martinez] was in custody . . . [She] does not claim that [she] could have made use of the [cell phone] while incarcerated or that [she] sought return of [her cell phone] to [her]self or a third party. Where individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced.

797 F.3d at 633. Also similar to the *Sullivan* defendant who was subject to a parole search condition, Martinez was subject to a probation search condition. In other words, her "possessory interest in the [cell phone] was reduced and, in these circumstances, Martinez's possessory interests were minimal. *Id*. at 634.

The Court next considers "the degree to which the seizure and retention of the [cell phone] was necessary for the promotion of legitimate governmental interests." *Id*. In the circumstances of this case, including the charge of Conspiracy to Transport Illegal Aliens for Profit, "the government had a reasonable basis for retaining and searching the [cell phone] based on the likelihood that it contained evidence" of the offenses charged and of possible probation violations. *Id*.

However, the totality of circumstances also includes consideration of the length and reason for the delay between the arrest and the search. *See e.g., United States v. Place*, 462 U.S. 696, 709 (1983) ("in assessing the effect of the length of the detention, we take into account whether the police diligently pursue their investigation"). Indeed, when the government "neglect[s] to seek a warrant without any good explanation for that delay, it appears that the [government] is indifferent to searching the item and the intrusion on an

individual's possessory interest is less likely to be justifiable." *United States v. Burgard*, 675 F.3d 1029, 1033 (7th Cir. 2012); *see also United States v. Place*, 462 U.S. 696, 709 (1983) ("the brevity of the invasion of the individual's Fourth Amendment interests is an important factor in determining whether the seizure is so minimally intrusive as to be justifiable" when considering if a *Terry* stop is reasonable). "Thus, even if a defendant has a diminished possessory interest in the seized item, 'the Fourth Amendment still obligate[s]' the United States to 'diligently obtain a warrant.'" *United States v. Uu*, 293 F.Supp.3d 1209, 1213-14 (D. Haw. 2017), *quotation omitted*.

> In a different context, the Supreme Court has stated:
>
> No reason is offered for not obtaining a search warrant except the inconvenience to the officers and some slight delay necessary to prepare papers and present the evidence to a magistrate. These are never very convincing reasons and, in these circumstances, certainly are not enough to bypass the constitutional requirement.

*Johnson v. United States*, 333 U.S. 10, 15 (1948). In this case, the government asserts the delay was, in effect, based on a prioritization of resources which did not warrant a search of the cell phone until it was determined this matter would proceed to a jury trial. In *United States v. Hernandez*, 313 F.3d 1206, 1214 (9th Cir. 2002), the court considered the government's delay in seeking a search warrant because the agent was performing tasks related to another case. However, that delay was less than 48 hours. Here, the government has not provided any authority that its allocation of resources is a valid basis to delay obtaining a search for almost nine months. While the Court finds these reasons more justifiable than the minimal reasons in *Johnson*, the Court finds they are not enough to bypass the constitutional requirement. Rather, although this matter was originally scheduled for trial on March 21, 2023, the government did not seek a search warrant in anticipation of that trial date. Further, Martinez filed a Motion to Suppress in March 2023; it was denied on August 4, 2023. This Court recognizes the government in this district rarely offers a conditional plea when a motion to suppress is denied (to allow for an appeal of the denial of the motion to suppress). In other words, it should have been clear to the government at that point this matter would proceed to trial. Yet, the government fails to provide an adequate reason why

it did not seek a search warrant for over a month after that denial.

Considering the totality of circumstances, the Court cannot say "the [government] diligently obtained a warrant in a reasonable period of time." *Illinois v. McArthur*, 531 U.S. 326, 334 (2001). The Court recognizes the "sole purpose" [of the exclusionary rule] . . . is to deter future Fourth Amendment violations," and it "is not a personal constitutional right" or "designed to redress the injury" already suffered. *Davis v. United States*, 564 U.S. 229, 236 (2011), *internal quotations and citations omitted*. The Court finds the delay, although there is no evidence of bad faith, in obtaining the search warrant was unreasonable. The Court will grant the motion and order the evidence obtained from the search warrant be suppressed.

Accordingly, IT IS ORDERED:

1. The Motion to Suppress Cell Phone Evidence (Doc. 92) is GRANTED.
2. Evidence seized from Martinez's cell phone, including the text messages, are precluded from presentation at trial.

DATED this 3rd day of November, 2023.

_____
Cindy K. Jorgenson
United States District Judge